UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED PET GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12CV00440AGF |
| | ) | |
| MIRACLECORP PRODUCTS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion (Doc. No. 24) of Defendant MiracleCorp Products to stay the case pending the United States Patent and Trademark Office's ("PTO") reexamination of the two patents in suit, U.S. Patent No. 7,334,540 (the "'540 patent") and No. 7,509,926 (the "'926 patent"). Both patents are for pet grooming tools. After reviewing the parties' briefs, and hearing the parties' arguments on June 19, 2012, the Court will deny Defendant's motion to stay.

**Background**

Plaintiff filed this action on March 9, 2012, alleging that Defendant deliberately and willfully infringed the two patents at issue. Plaintiff seeks injunctive and declaratory relief, as well as damages. On April 25, 2012, Defendant filed an answer and counterclaim in which Defendant seeks a declaration of non-infringement and of invalidity. Defendant also asserted counterclaims for false advertising under the Lanham Act and false marking under the Patent Act. Defendant's alleged infringing products directly compete with Plaintiff's products. The two patents have eight years of term remaining. At oral argument, the parties disputed how significant the competition from

Defendant was, with Defendant stating that there are approximately 40 competitors in the market and that to date, Defendant sold only approximately 500 alleged infringing products.

On May 8, 2012, Defendant filed requests with the PTO for *ex parte* reexamination of both patents at issue, pursuant to 35 U.S.C. § 302.  Defendant asserted that the patents were invalid in light of three items of prior art, one being new and the other two having been already considered by the PTO.  On May 9, 2012, Defendant filed the present motion to stay the case pending the PTO's reexamination.  The PTO assigned the requests a filing date of May 24, 2010, as a result of which the PTO must make a decision by August 24, 2012, as to whether or not to initiate a reexamination.[1]  On June 8, 2012, while the motion to stay was pending, the Court held a Rule 16 conference, and on June 11, 2012, issued a Case Management Order setting a trial date of May 27, 2014.

Defendant argues that a stay is appropriate because the case is in an early stage, and a stay will simplify the case by avoiding the need to litigate all or certain issues. Defendant further argues that Plaintiff will not be harmed by a stay because Plaintiff would be able to recover monetary damages if it prevailed in this action.  Defendant's evidence shows that as of June 2011, the average pendency of *ex parte* reexamination is

---

[1]    Upon receiving a request for reexamination, the PTO considers "whether a substantial new question of patentability affecting any claims of the patent concerned is raised by the request, with or without consideration of other patents or printed publications." 35 U.S.C. § 303(a).  The PTO must grant or deny all *ex parte* reexamination requests within three months of their filing.  *Id*.

25.7 months, and the median pendency, 20 months.  Recent case law notes that the appeal process following *ex parte* reexamination takes, on average, approximately another two years.  *See, e.g.*, *Fisher–Price, Inc. v. Kids II, Inc*., No. 10 Civ. 988A, 2011 WL 6409665, at *3 n.4 (W.D.N.Y. Dec. 21, 2011).  Defendant has supplemented the record with a case in which an *ex parte* reexamination took only approximately eight months from September/October 2010 when reexamination was requested.

Plaintiff argues that granting the motion to stay is not in the interest of judicial economy, and that Plaintiff will be unduly prejudiced in the marketplace if the motion to stay is granted because Defendant will be able to continue selling the accused products pending reexamination.  Plaintiff points to the fact that the patents in suit have been litigated extensively and favorably in numerous prior lawsuits.  *E.g.*, *Furminator, Inc. v. Munchkin, Inc*., No. 08CV00367 ERW, 2009 WL 3805564 (E.D. Mo. Nov. 9, 2009).  At oral argument, Plaintiff also asserted that a stay might encourage other parties to infringe on the patents during the time the stay is in effect.

## Discussion

Federal courts have "consistently recognized the inherent power of the district courts to grant a stay pending reexamination of a patent."  *Procter & Gamble Co. v. Kraft Foods Global, Inc*., 549 F.3d 842, 849 (Fed. Cir. 2008) (citations omitted).  The decision of whether to grant a stay pending reexamination of a patent is within the district court's discretion.  *Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001) (case involving a motion to stay pending *ex parte* reexamination) (citations omitted).

-3-

In determining whether to grant a stay in the present context, courts often consider the following factors: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay of litigation will simplify the issues in question and facilitate the trial; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage for the non-moving party. *Interplast Group, Inc. v. Coroplast, Inc.*, No. 4:08CV01413 CAS, 2009 WL 1774313, at *1 (E.D. Mo. June 23, 2009); *Watlow Elec. Mfg. Co. v. Ogden Mfg. Co*, No. 4:05CV2094 CDP, 2006 WL 1892546, at *1 (E.D. Mo. July 10, 2006).  Litigation and reexamination are not mutually exclusive alternatives for the parties to test the validity of a patent -- they may be concurrent proceedings. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426 (Fed. Cir. 1988).

The Court first concludes that the motion to stay is not premature. *See Honeywell Int'l., Inc. v. Furuno Elec. Co.*, No. 09-3601 (MJD/AJB), 2010 WL 3023529, at *3 (D. Minn. July 30, 2010) (holding that a motion to stay pending *ex parte* reexamination was not premature where request had not yet been granted, as it was "highly likely that the requests will be granted, since 92% of such *ex parte* requests are granted") (citing cases).

Here, the first factor noted above weighs in favor of granting a stay.  Although a CMO has now been entered, and an agreed trial date set by the Court, the case is still in its early stages and little if any discovery has taken place.  The second factor remains speculative, while it is quite possible that the PTO's expert review of the scope of the claims of the patent in issue in light of relevant prior art will result in at least some simplification of the issues for trial.  The Court notes, however, that *ex parte* reexamination (unlike *inter partes* reexamination) does not estop the requestor

-4-

(Defendant) from later arguing in litigation the same invalidity theories based on prior art that were advanced in the reexamination.  *See Prestige Jewelry Int'l., Inc. v. BK Jewellery HK*, No. 11 Civ. 2930 (LBS), 2012 WL 1066798, at *2 (S.D.N.Y. Mar. 24, 2012) (concluding that simplification factor weighed in favor of denying a stay pending *ex parte* reexamination).  At the hearing, Defendant acknowledged that it would continue to assert invalidity arguments based on this and other prior art, even if the PTO does not amend or invalidate the patents at issue.  Further, as noted above, two of the three items of prior art have already been considered by the PTO.  Thus, while the second factor may weigh in favor of granting the stay, such weight is only moderate.

The Court concludes that the third factor weighs in Plaintiff's favor, as Plaintiff and Defendant are direct competitors.  *See Boston Scientific Corp. v. Cordis Corp.*, 777 F. Supp. 2d 783, 789-90 (D. Del. 2011) ("Courts are generally reluctant to stay proceedings [for *ex parte* reexamination] where the parties are direct competitors."); *Cooper Techs. Co. v. Thomas & Betts Corp.,* No. 2:06-cv-242, 2008 WL 906315, at *1 (E.D. Tex. Mar. 31, 2008) (stating that where the parties are direct competitors, a stay in an *ex parte* case would likely prejudice the non-movant); *cf. Honeywell Int'l, Inc*., 2010 WL 3023529, at *2 (finding insignificant prejudice to the plaintiff because the parties were not competitors).

At oral argument, Defendant's counsel argued, in essence, that Plaintiff has not shown that it would suffer irreparable harm if the stay were granted, because Plaintiff has not sought a preliminary injunction.  Irreparable harm, however, is not the standard in the present context; rather, the standard, as articulated above, requires only that the

nonmoving party show "prejudice," which the Court believes Plaintiff has done.  *See Prestige Jewelry Int'l., Inc*., 2012 WL 1066798, at *3.  Courts have also pointed out that the contention that a patent holder's failure to seek a preliminary injunction contradicts the assertion of prejudice from a stay is flawed, because the patent holder may have good reasons for deciding not to pursue preliminary injunctive relief.  *See Biomet Biologics, LLC v. Bio Rich Med., Inc*., No. 2011 WL 4448972, at *2 (C.D. Cal. Sept. 26, 2011).

In evaluating Plaintiff's prejudice, the Court takes into account that the remaining life of the patents in issue is only approximately eight years.  *Cf. id.* ("Placing the [patent at issue] in limbo for the majority of its remaining [three years of life] would create a clear tactical disadvantage for Plaintiffs. Thus, the prejudice factor weighs strongly against granting Defendants' Motion to Stay.").

## CONCLUSION

In sum, balancing the relevant factors leads the Court to conclude that a stay in this case is not warranted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to stay the case pending the PTO's reexamination of the patents-in-suit is **DENIED**.  (Doc. No. 24.)

AUDREY G. FLEISSIG
UNITED STATED DISTRICT JUDGE

Dated this 27th day of June, 2012.