UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED PET GROUP, INC., a/k/a FURMINATOR, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) No. 4:12CV00440 AGF ) |
| MIRACLECORP PRODUCTS, | ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This patent infringement case matter is before the Court on the motion to compel (Doc. No. 49) of Defendant MiracleCorp Products.  Defendant seeks to compel Plaintiff United Pet Group, Inc., to produce documents related to license and settlement agreements Plaintiff entered into in the past concerning the two patents in suit, in response to Requests for Production No. 22 and No. 23.  Defendant argues that the documents are relevant to the amount of potential damages and are needed by Defendant to prepare for the upcoming November 14, 2012, mediation in the case.

Plaintiff opposes the motion on the ground that the documents sought are not relevant to the issue of claim construction, and that the Case Management Order (Doc. No. 35) limited discovery to that issue until the Court rules on it.  Plaintiff also asserts that the discovery in question is beyond the scope of discovery that the parties agreed upon at this stage of the litigation.  Plaintiff argues that the license/settlement agreements sought will be of little use to Defendant during mediation, as the focus of mediation is not likely to focus on damages, which potentially amount to only approximately $6,000, and

more likely to focus on potential injunctive relief. Furthermore, argues Plaintiff, the relevance of the documents in question to Defendant's litigation strategy is weak due to the fact that the individuals who negotiated the past licenses/settlement are not the same individuals who now control Plaintiff.

Federal Rule of Civil Procedure 26(b)(1) provides that "parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Under this Rule, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ P. 26(b)(1). Defendant, as the moving party, bears the burden of showing that the requested documents are discoverable. *Central States, SE & SW Areas Pension Fund v. King Dodge, Inc.*, No. 4:11MC00233 AGF, 2011 WL 2784118, at \*2 (E.D. Mo. July 15, 2011).

In general, the Federal Rules promote a "broad and liberal policy of discovery for the parties to obtain the fullest possible knowledge of the issues and facts before trial." *In re MSTG, Inc.*, 675 F.3d 1337, 1346 (Fed. Cir. 2012). Here the Court finds Plaintiff's reasons for opposing the discovery sought unpersuasive. The requested documents are relevant, *see id.*, and may assist in mediating this case in its entirety, which is the purpose of the mediation. To the extent that Plaintiff has confidentiality concerns with regard to documents to be produced, these concerns can be addressed by an appropriate protective order.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to compel Plaintiff to fully respond to Requests for Production No. 22 and No. 23 is **GRANTED**. In light of the upcoming mediation, Plaintiff shall comply with this Order on or before **November 12, 2012**. (Doc. No. 49.)

                                                *Audrey G. Fleissig*
                                                AUDREY G. FLEISSIG
                                                UNITED STATED DISTRICT JUDGE

Dated this 5th day of November, 2012